# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **DR. LISA ZIDEK**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**THE FLORIDA GULF COAST UNIVERSITY BOARD OF TRUSTEES**, a political subdivision of the State of Florida,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 2:23-cv-222<br><br>Judge:<br><br>Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **DR. LISA ZIDEK** ("**ZIDEK**"), by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1. This is an action brought under Title VII of the Civil Rights Act of 1964 (Title VII) and Florida Civil Rights Act (FCRA) for (1) unlawful gender discrimination in violation of Title VII, (2) unlawful gender discrimination in violation of the FCRA, (3) unlawful retaliation in violation of Title VII, and (4) unlawful retaliation in violation of the FCRA.

## PARTIES

2. The Plaintiff, **DR. LISA ZIDEK** ("**ZIDEK**") is an individual and at all material times was a resident of Florida employed by the Defendant.

1

3. 3. The Defendant, **THE FLORIDA GULF COAST UNIVERSITY BOARD OF TRUSTEES** ("FGCU") was and is a public entity and the duly empowered governing authority for FGCU. FGCU is a public institution of higher education located in Fort Myers, Florida

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Lee County is within the Fort Myers Division.

7. **ZIDEK** received her Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on or about February 1, 2023 and this Complaint includes allegations relating to the second Charge and is filed within the time frame required under the law. A true and accurate copy of the second Notice of Right to Sue is attached as Exhibit 1.

## GENERAL ALLEGATIONS

8. **ZIDEK** is a female person and began her employment in 2007.

9. **ZIDEK** always performed her assigned duties in a professional manner and was very well qualified for her position.

10. **ZIDEK** received good to very good performance reviews, several promotions over the course of her career, numerous awards and served on countless committees throughout her career demonstrating her abilities.

11. In May 2021, **ZIDEK**'s direct supervisor announced his retirement, and thereafter **ZIDEK** began to be discriminated against on the basis of her gender.

12. Just days later, **ZIDEK** was passed over for the promotion in favor of a less qualified male.

13. In February 2022, **ZIDEK** applied for the position of Engineering Dean.

14. **ZIDEK**, along with 4-other female applicants, were not only passed over for the position but they were not even offered an interview.

15. Instead of receiving the promotion **ZIDEK** deserved, it was given to a less-qualified male, who became **ZIDEK**'s boss.

16. **ZIDEK** objected to this gender discrimination, and her new boss promptly demoted her after he did some "restructuring."

17. Consequently, the Defendant has treated **ZIDEK** in a less favorable manner than her similarly situated male counterparts.

### COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, GENDER DISCRIMINATION

18. Plaintiff incorporates by reference Paragraphs 1-17 of this Complaint as though fully set forth below.

19. **ZIDEK** is a female and as such, is a member of a protected class.

20. At all material times, **ZIDEK** was an employee and the Defendant was her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

21. **ZIDEK** was, and is, qualified for the positions that she held with the Defendant.

22. **ZIDEK** has endured disparate treatment while employed with the Defendant, thereby altering the terms and conditions of her employment.

23. The acts, failures to act, practices and policies of the Defendant set forth above constitute intentional discrimination on the basis of **ZIDEK**'s gender in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

24. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, **ZIDEK** has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

25. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **ZIDEK** is entitled to all relief necessary to make her whole as provided for under 42 USC § 2000e et seq.

26. As a direct and proximate result of the Defendant's actions, **ZIDEK** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

27. **ZIDEK** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages, and;

vi. Such other relief as this Court shall deem appropriate.

### COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, GENDER DISCRIMINATION

28. Plaintiff incorporates by reference Paragraphs 1-17 of this Complaint as though fully set forth below.

29. **ZIDEK** is a female and as such, is a member of a protected class.

30. At all material times, **ZIDEK** was an employee and the Defendant was her employer covered by and within the meaning of the FCRA.

31. **ZIDEK** was, and is, qualified for the positions that she held with the Defendant.

32. **ZIDEK** has endured disparate treatment while employed with the Defendant, thereby altering the terms and conditions of her employment.

33. The acts, failures to act, practices and policies of the Defendant set forth above constitute intentional discrimination on the basis of **ZIDEK**'s gender in violation of the FCRA.

34. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, **ZIDEK** has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

35. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **ZIDEK** is entitled to all relief necessary to make her whole as provided for under the FCRA.

36. As a direct and proximate result of the Defendant's actions, **ZIDEK** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

37. **ZIDEK** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

    ii.     Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received, plus interest, including but not limited to lost salary and bonuses;

    iii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

    iv.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

    v.     Reasonable attorney's fees plus costs;

    vi.    Compensatory damages, and;

    vii.   Such other relief as this Court shall deem appropriate.

## **COUNT III – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964- RETALIATION**

38. Plaintiff incorporates by reference Paragraphs 1-17 of this Complaint as though fully set forth below.

39. **ZIDEK** is a female a person and, as such, is a member of a protected class.

40. At all material times, **ZIDEK** was an employee and the Defendant was her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

41. **ZIDEK** was qualified for the positions that she held with the Defendant.

42. **ZIDEK** complained to the Defendant about the gender discrimination and retaliation, and the Defendant clearly observed her growing discomfort concerning the same.

43. **ZIDEK**'s complaints constitute a protected activity because her complaints were concerning an unlawful activity of the Defendant.

44. Said protected activity was the proximate cause of the Defendant's negative employment actions against **ZIDEK**.

45. Instead of preventing said treatment, the Defendant retaliated against **ZIDEK**.

46. The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

47. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq., as referenced and cited herein, **ZIDEK** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

48. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq., as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **ZIDEK** is entitled to all relief necessary to make her whole as provided for under 42 USC § 2000e et seq.

49. As a direct and proximate result of the Defendant's actions, **ZIDEK** has suffered damages, including but not limited to, a loss of employment opportunities,

loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

50. **ZIDEK** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages, and;

vi. Such other relief as this Court shall deem appropriate.

## COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992- RETALIATION

51. Plaintiff incorporates by reference Paragraphs 1-17 of this Complaint as though fully set forth below.

52. **ZIDEK** is a female a person and, as such, is a member of a protected class.

53. At all material times, **ZIDEK** was an employee and the Defendant was her employer covered by and within the meaning of the FCRA.

54. **ZIDEK** was qualified for the positions that she held with the Defendant.

55. **ZIDEK** complained to the Defendant about the gender discrimination and retaliation, and the Defendant clearly observed her growing discomfort concerning the same.

56. **ZIDEK**'s complaints constitute a protected activity because her complaints were concerning an unlawful activity of the Defendant.

57. Said protected activity was the proximate cause of the Defendant's negative employment actions against **ZIDEK**.

58. Instead of preventing said treatment, the Defendant retaliated against **ZIDEK**.

59. The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the FCRA.

60. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **ZIDEK** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

61. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **ZIDEK** is entitled to all relief necessary to make her whole as provided for under the FCRA.

62. As a direct and proximate result of the Defendant's actions, **ZIDEK** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

63. **ZIDEK** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages, and;

vi. Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: March 30, 2023         **/s/ Benjamin H. Yormak**
                              Benjamin H. Yormak
                              Florida Bar Number 71272
                              Lead Counsel for Plaintiff
                              Yormak Employment & Disability Law
                              27200 Riverview Center Blvd, Suite 109
                              Bonita Springs, Florida 34134
                              Telephone: (239) 985-9691
                              Fax: (239) 288-2534
                              Email: byormak@yormaklaw.com